IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYRONE LESLIE FARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   CIV-12-1099-W |
| v. | ) |
| | ) |
| C/O FRAZIER, J., et al., | ) |
| | ) |
| Defendants. | ) |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 5, 2012. (Doc. # 1).  On the same date, Plaintiff filed a Motion for Temporary Restraining Order. (Doc. # 3).  On March 5, 2013, the matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).[1]

Plaintiff filed an Amended Complaint on March 27, 2013 (Doc. # 34), and Plaintiff has not renewed his previous application for a temporary restraining order.  To obtain a temporary restraining order or a preliminary injunction, the claimant must show a likelihood of success on the merits. See Munaf v. Geren, 553 U.S. 674, 690 (2008)("[A] party seeking a preliminary injunction must demonstrate, among other things, 'a likelihood of success on the merits.'")(citations omitted); Weichmann v. Ritter, 44 Fed. Appx. 346, 347 (10th Cir. July

---

[1]The referral was transferred from former United States Magistrate Judge Bacharach.

1

26, 2002)(unpublished op.)(stating that the movant must show a likelihood of success on the merits, among other elements, to obtain a temporary restraining order).

In his Motion, Plaintiff requests the following terms be included in a temporary restraining order: "Plaintiff request TRO from the Disciplinary hearing held on 7-26-12 and all documents used," "Plaintiff request TRO for the videotape recording during and from the 0700 thru 0800 hours on the date of 7-5-12," "Plaintiff request TRO for the hearing of offender Guerrero, Juan . . . [and] all documents to include offenders statements and DHO findings and facility heads findings," and "Plaintiff request TRO to prevent transfer from GEO/LCF facility from the witnesses, which a transfer to another facility would impeded [sic] the civil process of obtaining testimonies." Plaintiff's Motion for Temporary Restraining Order (Doc. # 3), at 2.

Plaintiff has not addressed the merits of the claims asserted in his Amended Complaint, which supercedes his Complaint, and Plaintiff has therefore not demonstrated a likelihood of success on the merits of his claims. Plaintiff is apparently seeking to prevent the alleged destruction of disciplinary hearing records and to obtain documentary evidence he believes will assist in his prosecution of this action. However, there are other means through discovery or records requests to preserve or obtain evidence, and Plaintiff has not shown that he has attempted to obtain and been denied the documentary evidence he seeks. Nor has he provided any evidence that the destruction of any relevant documentary evidence is imminent. Therefore, the Motion should be denied.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's Motion for Temporary Restraining Order (Doc. # 3) be DENIED. Plaintiff is advised of the right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by     May 8th    , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   18th   day of   April  , 2013.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE