IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TYRONE LESLIE FARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-12-1099-W |
| | ) | |
| C/O J. FRAZIER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On June 19, 2014, United States Magistrate Judge Charles B. Goodwin issued a Report and Recommendation in this matter and recommended inter alia that certain claims in the amended complaint filed by plaintiff Tyrone Leslie Farris be dismissed and that summary judgment be entered in favor of the defendants as to the remaining claims. Farris, who is proceeding pro se, was advised of his right to object, and the matter now comes before the Court on Farris' Objection to Magistrate Report and Recommendation and Demand for Trial by Jury [Doc. 99].

Upon de novo review of the record, the Court concurs with Magistrate Judge Goodwin's suggested disposition of the issues and claims in this matter, which arise out of a physical altercation between Farris and other inmates on July 5, 2012, occurring in and near the law library at Lawton Correctional Facility ("LCF") in Lawton, Oklahoma, and out of Farris' efforts to receive a diet at LCF that is compliant with the Halal diet preparation and serving protocols of the Oklahoma Department of Corrections [ODOC].

Accordingly, the Court

(1) ADOPTS the well-reasoned and thorough Report and Recommendation [Doc. 96] issued on June 19, 2014, and in so doing, OVERRULES Farris' Demand for Trial by Jury [Doc. 99] file-stamped July 24, 2014;

(2) GRANTS the Motion to Dismiss [Doc. 72] filed by defendant Justin Jones, in his official capacity,[1] on the grounds that Jones in such capacity is entitled to immunity under the eleventh amendment to the United States Constitution to Farris' claims seeking monetary relief in Counts 4 through 7 of the amended complaint under title 42, section 1983 of the United States Code and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc et seq.;

(3) DISMISSES said claims against Jones in his official capacity without prejudice;

(4) GRANTS the Motion to Dismiss/Motion for Summary Judgment [Doc. 70] filed by defendants Jennifer Frazier, Denise Alston, Kristie Bearden, Billy Gibson, Captain R. Jones, GEO Group Inc. ("GEO"), Hector Rios, Dean Caldwell, Rick Whitten, Richard Tinker, John Doe (identified in the amended complaint as LCF food services supervisor, see Doc. 34 at 9,) and Nancy Fennell, which the Court has construed as seeking relief under Rule 56, F.R.Civ.P., on the grounds that Farris has failed to properly exhaust available administrative remedies as mandated by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), in connection with his section 1983 and RLUIPA claims against these defendants;

---

[1] To the extent Farris has named Jones in his official capacity as ODOC Director, see Doc. 34 at 1, 7; Doc. 83 at 11, Jones was replaced by Robert Patton as ODOC Director, effective January 17, 2014, and pursuant to Rule 25, F.R.Civ.P., is hereby SUBSTITUTED as defendant as to all future proceedings in this matter.

2

(5) in so doing, FINDS that these defendants are entitled to judgment as a matter of law as to these claims for relief;

(6) GRANTS the Motion to Dismiss [Doc. 72] filed by Jones, individually, as to Farris' section 1983 claims and, in his official capacity, as to Farris' federal law claims seeking prospective declaratory and injunctive relief, which motion the Court has also construed under Rule 56, supra, and likewise FINDS that Jones, individually and in his official capacity, is entitled to judgment as a matter of law on these claims for failure to properly exhaust available administrative remedies;

(7) DENIES Farris' Motion for Injunctions and/or Temporary Restraining Orders [Doc. 90] file-stamped September 4, 2013, wherein Farris has complained that certain defendants have "allow[ed] the LCF Mailroom to cause and/or [have] caused [his] . . . legal mail . . . since July of 2013 to be misplaced and/or [mis]directed . . . ," Doc. 90 at 1, and has argued that such actions warrant sanctions in the form of, inter alia, monetary penalties, payment of expenses and orders that enjoin the defendants from continued misplacement and/or misdirection of Farris' legal mail;

(8) DISMISSES without prejudice Farris' claims[2] against the defendant identified in the amended complaint as "Ms. Schuler," a GEO dietician,[3] see Doc. 34 at 10, pursuant to Rule 4(m), F.R.Civ.P.; and

---

[2] As Magistrate Judge Goodwin observed, even if Schuler had been timely served, she would be entitled to summary judgment in light of Farris' failure to exhaust his administrative remedies.

[3] See Doc. 69-20.

(9) because no unresolved issues remain, ORDERS that judgment in accordance with this Order issue forthwith.

ENTERED this 29th day of July, 2014.

LEE R. WEST
UNITED STATES DISTRICT JUDGE